IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOHN PATRICK CULLEN                                                                                           PLAINTIFF

v.                                            Civil No. 6:22-CV-06115-SOH-BAB

KIP HALLMAN, *et. al.*                                                                                     DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his Complaint on November 16, 2022.  (ECF No. 1).  That same day, the Court entered an Order directing Plaintiff to file a completed *in formra pauperis* ("IFP") application and an Amended Complaint by December 7, 2022.  (ECF No. 4.).  When Plaintiff failed to do so, the Court entered a Show Cause Order, directing Plaintiff to show cause for his failure to obey a Court Order by January 9, 2023.  (ECF No. 5).  Plaintiff filed a Notice of Address Change, his IFP application, and a document he labelled as his Second Amended Complaint on January 4, 2023.  (ECF Nos. 6, 7, 8).

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

In his Amended Complaint, Plaintiff alleges that he was denied unidentified medical care for an unidentified medical condition from October 2019 through the date of his Complaint. (ECF No. 7 at 4). Plaintiff names "Jorge Dominics; Billy Cowell; Tami Canard (all of 'em)" as Defendants.[2] (*Id.*). (*Id.* at 3, 4). Plaintiff lists Kip Hallman in the caption of the case, but not in body of the Complaint. (*Id.* at 2, 4).

Plaintiff proceeds against Defendants in their official and individual capacity. (*Id.* at 4). He seeks compensatory and punitive damages. (*Id.* at 7). He also appears to request Defendant Canard be placed in a clerical position. (*Id.*).

Plaintiff filed a Motion for Preliminary Injunction on January 12, 2023. (ECF No. 9).

## II. LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[2] The Court notes that Plaintiff has identified Defendant Dominics as having a first name of both Jorge and George.

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

Plaintiff failed to state a cognizable claim for medical indifference. To prevail on his Eighth Amendment claim, Plaintiff must prove that Defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997)).

Here, Plaintiff has not alleged any facts to show he meets either prong of the deliberate indifference test. He has not alleged that he suffered from an objectively serious medical need. Indeed, he has identified no medical condition or need whatsoever. He has not alleged any facts indicating what care was needed or denied, or how those needs were disregarded. Instead, Plaintiff merely makes a broad conclusory statement that his medical care was denied, delayed, or impeded. As such, Plaintiff failed to state a cognizable claim for medical indifference. See *Martin*, 780 F.2d at 1337 (Even a *pro se* Plaintiff must still allege specific facts sufficient to support a claim.).

## IV.  CONCLUSION

For these reasons, it is recommended that: (1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; (2) Plaintiff/Petitioner is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and (3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **1st day of February 2023**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE